IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEMETRIA COLEMAN,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. |
| | ) 2:20-cv-179 |
| **WESLEY GARDENS RETIREMENT COMMUNITY, INC.;** | ) **DEMAND FOR JURY TRIAL** |
| **Defendant.** | ) |

RECEIVED 2020 MAR 12 P 12:54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

### Jurisdiction and Venue

1. This is a suit for violation of Title VII of the Civil Rights Act of 1964 *et seq*.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 28 U.S.C. §§ 2201 and 2202.

3. The unlawful employment practices and acts of retaliation about which the Plaintiff, Demetria Coleman, complains were committed within Montgomery County, Alabama.

### Conditions Precedent

4. All conditions precedent to the filing of this lawsuit have been met.

5. The Plaintiff filed an EEOC Charge against the Defendant within the time required by law. See Exhibit A, attached.

6. The Plaintiff has filed this lawsuit within 90 days of receipt of the Notice of Rights issued by the EEOC in connection with her Charge. See Exhibit B, attached.

## Parties

7. The Plaintiff, Demetria Coleman, is a female resident of Montgomery County, Alabama.

8. The Defendant, Wesley Gardens Retirement Community, Inc. was, at all material times, Plaintiff's employer and an entity subject to suit in the State of Alabama.

## COUNT ONE

### Title VII of the Civil Rights Act

### Sexual Harassment - Hostile Work Environment

9. The Plaintiff was hired by the Defendant on or about October 11, 2016 and was employed by the Defendant until her termination on or about April 8, 2019.

10. At all material times, Gordon Robertson was a paying resident living in the assisted living community owned and operated by the Defendant and in which the Plaintiff was employed.

11. At all material times, Nettie Bly was employed by the Defendant as its Director of Nursing in the subject facility.

12. At all material times, Tandra Williams was employed by the Defendant as its Assistant Director of Nursing in the subject facility.

13. At all material times, Linda Marshall was employed by the Defendant as an acting supervisor in the subject facility.

14. At all material times, Randy Allen was employed by the Defendant as its Administrator of the subject facility.

15. During the course of the Plaintiff's employment, she was subjected to a sexually hostile work environment because of her sex, female, which included sufficiently severe and pervasive

offensive and unwelcome conduct such as to alter the conditions of her employment and create an abusive environment.

16. During the course of Plaintiff's employment, she was the target of unwelcome and offensive, sexually charged conduct by Robertson which included repeated and numerous sexually charged comments and propositions, as well as unwanted physical groping of the Plaintiff's breasts and buttocks, which Plaintiff rebuffed. .

17. The Plaintiff reported Robertson's sexually harassing conduct on multiple occasions, including to Bly, Williams, Marshall and Allen, most recently on or about March 21, 2019 and April 3, 2019.

18. The Defendant failed to adequately address the Plaintiff's complaints of sexual harassment and the sexual harassment continued.

19. The above-described wrongful conduct on the part of the Defendant constitutes creation and/or allowance of a sexually hostile work environment in violation of the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, *et seq*.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against the Defendant for violation of Title VII of the Civil Rights Act of 1964 *et seq.*, pursuant to an Order by which the Court:

(a) awards compensatory damages for mental anguish;

(b) awards punitive damages;

(c) awards that relief which is fair, reasonable and just;

(d) awards a reasonable attorney's fee; and

(e) taxes costs against the defendant.

## COUNT TWO

### Title VII of the Civil Rights Act

### Retaliation

20. The Plaintiff adopts by reference each and every paragraph set forth above as if fully set forth herein.

21. The Plaintiff's complaints to the Defendant's management team regarding the sexually hostile work environment constitute protected activity under Title VII of the Civil Rights Act of 1964, *et seq.*

22. On or about April 8, 2019, the Defendant terminated the Plaintiff's employment.

23. The Defendant's termination of the Plaintiff was in retaliation for the Plaintiff's reporting of the sexually hostile work environment.

24. The Defendant's termination of the Plaintiff's employment violated the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, *et seq.*

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against the Defendant for violation of Title VII of the Civil Rights Act of 1964 *et seq.*, pursuant to an Order by which the Court:

    (a) awards compensatory damages for mental anguish;

    (b) awards back pay, plus interest;

    (c) awards reinstatement or front pay;

    (d) awards punitive damages;

    (e) awards that relief which is fair, reasonable and just;

(f)  awards a reasonable attorney's fee; and

(g)  taxes costs against the defendant.

Plaintiff requests a trial by struck jury on all issues so triable.

_____
Adam P. Morel
**ATTORNEY FOR PLAINTIFF**

**OF COUNSEL:**

**LAW OFFICES OF ADAM MOREL, P.C.**
512 Montgomery Highway, Suite 512
Birmingham, AL 35216
*Telephone:*   (205) 252-8841
*Facsimile:*   (205) 822-6197
*Email:*   adam@morellawfirm.com


**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Wesley Gardens Retirement Community, Inc.
c/o Michael D. Giles, Registered Agent
1520 Cooper Hill Road
Birmingham, AL 35210-2303